UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAWN JEANINE WEEKS,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
                                   /

Case No. 1:16-cv-121

HON. JANET T. NEFF

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner). Plaintiff Dawn Weeks seeks review of the Commissioner's decision denying her claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff previously filed a claim for SSI alleging disability beginning January 1, 1997. (PageID.104.) In a decision entered on August 10, 2012, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of substance abuse (ETOH, tobacco, marijuana, and cocaine); affective disorder; alcohol-induced affective disorder; personality disorder; and degenerative disc disease, L5-S1 (PageID.106.) The ALJ determined that Plaintiff could perform a range of light work, limited by various physical and mental restrictions. (PageID.108.) Ultimately, the ALJ determined that Plaintiff was not disabled at step five, and that she could perform work in Michigan such as office clerk (5,400 jobs), courier and messenger (2,000 jobs) and

production worker (1,000 jobs). (PageID.116.) Plaintiff did not further pursue this decision, and accordingly it became the Commissioner's final decision.

On April 23, 2013, Plaintiff filed a new application for SSI. (PageID.122, 188–196.) Plaintiff alleged that she was disabled due to severe depressive disorder, PTSD, hypertension, and back problems. (PageID.122.) Plaintiff's application was denied on July 12, 2013, after which time she sought review before an ALJ. (PageID.142–145, 149–151.) On June 5, 2014, Plaintiff appeared with her counsel before ALJ Richard Gartner for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.57–98.) The ALJ issued a written decision on July 24, 2014. The ALJ began by noting Plaintiff's prior application, and addressed it as follows:

> The undersigned has considered Social Security Acquiescence Ruling 98-3(6). Based on submission of new and material evidence, the undersigned concludes that the requirement in this ruling is not relevant to the specifics of the case at hand.

(PageID.44.) The ALJ went on to conclude that Plaintiff was not disabled, finding that there were a significant number of jobs that she could perform. (PageID.41–56.) On December 14, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.26–31.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 416.920(a-f).[1] If the Commissioner can make a dispositive finding at

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 416.920(c));

any point in the review, no further finding is required. *See* 20 C.F.R. § 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

In the present case, ALJ Gartner determined that Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 23, 2013, Plaintiff's application date.[2] (PageID.46.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) substance abuse; (2) major depressive disorder; (3) chronic obstructive pulmonary disease (COPD); (4) affective disorder, alcohol induced; (5) personality disorder; (6) degenerative disc disease of the lumbar spine at L5-S1;

---

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 416.920(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 416.920(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 416.920(f)).

[2] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Comm'r of Soc. Sec.*, 566 F.3d 347, 349 n. 5 (3d Cir. 2009); *see also Newsom v. Soc. Sec. Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, May 2013 is Plaintiff's earliest possible entitlement to SSI benefits.

(7) peripheral vascular disease of the bilateral extremities; and (8) hypertension. (PageID.46.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.48–49.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 416.967(b) with the following limitations: the claimant can lift or carry a maximum of 20 pounds occasionally and less than10 pounds frequently. In an eight-hour workday, the claimant can walk or stand for six hours and sit for six hours. She is limited to occasional postural maneuvers such as balancing, stooping, kneeling, crouching, crawling and climbing ramps or stairs. The claimant must avoid climbing ladders, ropes and scaffolds. She must avoid concentrated exposure to fumes, odors, dusts, gases and environments with poor ventilation. The claimant is limited to occupations which do not require exposure to dangerous machinery and unprotected heights. She is limited to occasional pushing and pulling with lower bilateral extremities to include the operation of foot pedals. The claimant is limited to simple, routine, repetitive tasks not performed in a fast pace production environment involving only simple, work related decisions, and in general, relatively few work place changes. She is limited to occupations which do not involve the handling, sale or access to alcoholic beverages or narcotic drugs.

(PageID.49.) Continuing with the fourth step, the ALJ determined found that Plaintiff had no past relevant work. (PageID.51.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform the following work: dishwasher (141,000 national jobs), packer (150,000 national jobs), and cleaner of vehicles (72,000 national jobs). (PageID.90–92.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.52.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from April 23, 2013 through July 24, 2014, the date of decision. (PageID.52.)

## DISCUSSION

### 1.   Plaintiff's Impairments.

Plaintiff argues that she is entitled to relief because the ALJ failed to find that her rheumatoid arthritis and degenerative disc disease in her neck constituted severe impairments. (PageID.685–687.)  At step two of the sequential disability analysis, the ALJ must determine whether the claimant suffers from a severe impairment.  The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments . . . does not constitute reversible error").

A review of the ALJ's decision reveals that he considered the entire record when assessing Plaintiff's claim.  Moreover, as the ALJ correctly observed, an April 23, 2013 treatment note contains a normal neck exam except for some pain and stiffness on flexion or extension. (PageID.422.)  A July 24, 2013 X-Ray found only mild to moderate degenerative changes. (PageID.643.)  Even if it is assumed that these conditions are severe impairments, there is no evidence that such imposes on Plaintiff limitations greater than those recognized by the ALJ in his RFC determination.  Accordingly, this argument is rejected.

      **2.**      **Dr. Curtis Simmons, M.D.**

On June 4, 2014, Dr. Curtis Simmons completed a physical RFC worksheet regarding Plaintiff's condition. (PageID.478–479.) He also provided a signed statement to Plaintiff's attorney explaining his opinion. (PageID.636–637.) Dr. Simmons generally found that Plaintiff was impaired to an extent much greater than that found by the ALJ. For example, Dr. Simmons indicated that Plaintiff could only occasionally lift and carry ten pounds, and frequently lift and carry less than ten pounds. (PageID.478.) She could stand or walk for a total of less than two hours during the day, and sit for about four hours. (PageID.478.) She could only sit or stand for ten minutes before needing to change positions. (PageID.478.) Plaintiff would need to lie down for one hour in an eight hour shift. (PageID.478.) She could rarely twist, bend, and climb stairs, and never crouch or climb ladders. Plaintiff could only rarely, or up to five percent of the day, use her extremities for fingering and handling. (PageID.637.) Dr. Simmons concluded by noting that he would expect Plaintiff to miss more than four days of work per month. (PageID.479.)  The ALJ found that the opinion was entitled to only "little weight." Plaintiff claims the ALJ erred in doing so. The Court agrees.

By way of background, the treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case

record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527). It is undisputed that Dr. Simmons qualifies as a treating physician.

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where it is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

The ALJ provided the following discussion of Dr. Simmons' opinion.

> In June 2014, Dr. Simmons gave the claimant work preclusive limitations at a restricted range of sedentary work (Exhibits C12F, C13F and C15F). The record as a whole does not support this opinion, as delineated elsewhere in this decision. In addition, Dr.

> Simmons is not a orthopedic specialist. Therefore, the undersigned gives this opinion little weight.

(PageID.50.)  The Court finds the ALJ has failed to provide good reasons for according less than controlling weight to Dr. Simmons' opinion.  The ALJ's statement that the opinion was inconsistent with the record as a whole is precisely the type of vague language that the *Gayheart* court concluded was insufficient to permit meaningful review.  The additional language "as delineated elsewhere in this decision" does not change matters as the result is the same. An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir.1995). The Court cannot do so here.  The Commissioner's attempt to rehabilitate the ALJ's reasoning on this point is precisely the type of analysis the ALJ should have undertaken in the first place.

The ALJ also noted the fact that Dr. Simmons was not an orthopedic specialist. (PageID.50.)  The ALJ was apparently referring to 20 C.F.R. § 416.927(c)(5), which provides that "[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."  Here, the deference given to a specialist's opinion in §  416.927(c)(5) did not come into play because the ALJ did not rely on specialist's opinion which differed from Dr. Simmons.  The record demonstrates that Plaintiff sought extensive treatment from Dr. Simmons for her back pain and, as a medical doctor, Dr. Simmons was qualified to opine on any limitations resulting from such.  Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should reevaluate Dr. Simmons' opinion.

Plaintiff proceeds to raise several related claims: that the ALJ did not address the factors set forth in 20 CFR 416.927(c)(2), that the ALJ should have found Plaintiff disabled under

the "grids," and an alternate argument that the ALJ's conclusion Plaintiff can walk for six hours in a workday is unsupported by substantial evidence. (PageID.693–694.) The Court declines to reach these arguments as the matter is already being remanded for failure to provide good reasons in discounting Dr. Simmons' opinion.

       **3.**     **RFC.**

Plaintiff argues that the ALJ failed to make an accurate RFC assessment. (PageID.694–697.) Specifically, she argues the ALJ's factual findings should have included more significant restrictions on her ability to walk because of her vascular disease, did not consider her COPD, failed to consider her non-severe impairments, improperly considered her daily activities, failed to properly address her mental impairments, and failed to impose a more restrictive RFC than the prior decision despite a worsening condition. Each argument is presented in only a cursory fashion, and fails to provide any legal argumentation for how the ALJ erred. Importantly, Plaintiff does not demonstrate that she is impaired to an extent greater than that found by the ALJ.

RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. § 416.945(a); *see Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 499 (6th Cir. 2006). RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 416.927(d)(2); *see Deaton v. Comm'r of Soc. Sec.*, 315 F. App'x 595, 598 (6th Cir. 2009). "In formulating a residual functional capacity, the ALJ evaluates all the relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions." *Eslinger v. Comm'r of Soc. Sec.*, No. 10–3820, 2012 WL 616661, at *2 (6th Cir. Feb. 27, 2012). When determining a claimant's RFC, the ALJ is required to "assess [the claimant's] work-related abilities on a function-by-function basis." SSR 96–8p, 1996 WL 374184, at *1 (S.S.R. July 2, 1996). As the

Sixth Circuit has recognized, however, while a "function-by-function analysis is desirable, SSR 96–8p does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002). Rather, "the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Id.* The Court finds that the ALJ's factual finding that Plaintiff retained the RFC for a reduced range of light work is supported by more than substantial evidence.

Plaintiff first argues that the ALJ should have found greater exertional limitations, namely that she can only stand or walk for two hours in the workday. Here, the ALJ noted that Plaintiff underwent stenting on both lower extremities on April 22, 2014. (PageID.443.) A month later, she reported to her case manager that her legs felt much better and she could walk a lot further without pain. (PageID.489.) The ALJ also noted that at the last visit with Dr. Simmons in the record, Plaintiff had clear lungs and a normal back exam, aside from tenderness in the left lower lumbar sacral region. Accordingly, Plaintiff's claim that the ALJ failed to consider her vascular disease and COPD is rejected.

Regarding, Plaintiff's non-severe impairments, the Commissioner has noted that:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

SSR 96–8p, 1996 WL 374184, at *5. In this case, the ALJ began his discussion by noting his obligation to consider both severe and non-severe impairments in formulating the RFC. (PageID.46.) Although the ALJ may not have specifically identified all non-severe impairments in his RFC discussion, there is no indication the ALJ did not consider them. Moreover, Plaintiff fails to show that these impairments impacted her work-related functioning in any way beyond the limitations included in her RFC.

Plaintiff also faults the ALJ for considering her daily activities, but, contrary to Plaintiff's assertion, the ALJ did not use her daily activities to demonstrate an ability to sustain work activities; rather, the ALJ found them to be inconsistent with the severity of her subjective allegations. (PageID.50.) This he was allowed to do. *See* 20 C.F.R. § 416.929(c)(3)(i).

Plaintiff next argues that the ALJ's decision must be overturned because her affective disorder was included in the list of her severe impairments, but the ALJ's RFC finding did not include limitations in social functioning. Plaintiff's argument improperly collapses multiple steps of the sequential analysis. The Sixth Circuit has rejected the proposition advanced by Plaintiff that an ALJ's RFC determination and hypothetical questions posed to the VE must include a listing of a claimant's severe impairments:

> "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, No. 00–10446–BC, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004). *Howard* [*v. Comm'r of Soc. Sec.*, 276 F.3d 235 (6th Cir. 2002)] does not stand for the proposition that all impairments deemed "severe" in step two must be included in the hypothetical. The regulations recognize that individuals who have the same severe impairment may have different RFCs depending on their other impairments, pain, and other symptoms. 20 C.F.R. § 404.1545(e).

*Grifeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). The ALJ carefully considered the evidence related to Plaintiff's affective disorder. At step three, the ALJ noted that Plaintiff had only mild difficulties in social functioning. (PageID.48.) He noted Plaintiff's function report and testimony that stated she lived with friends, visited with family, participated in group therapy sessions and had not been fired or laid of for problems getting along with others. (PageID.236, 240, 242.) She got along "ok" with authority figures if they were not yelling. (PageID.242.) While not an RFC assessment, the ALJ noted that the RFC reflected the limitations he found in Plaintiff's social functioning. (PageID.49.) Again, Plaintiff has not demonstrated that she is further limited.

Finally, citing to *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), Plaintiff claims the ALJ erred by adopting a less restrictive RFC than that found in the prior decision. (PageID.696–697.) In *Drummond*, the Sixth Circuit held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 840–42. Thus, if an earlier ALJ makes a finding regarding a claimant's RFC, a later ALJ is bound by that RFC determination absent evidence to the contrary. *See, e .g.*, *Gay v. Comm'r of Soc. Sec.*, 520 F. App'x 354, 356 (6th Cir. 2013). Recognizing that the *Drummond* decision conflicted with Social Security policy, the Commissioner has stated that it would apply the decision within the Sixth Circuit as follows:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law,

13

>regulations or rulings affecting the finding or the method for arriving at the finding.

Acquiescence Ruling 98–3(6), 1998 WL 274051 at 29771; Acquiescence Ruling 98–4(6), 1998 WL 274052 at 29773. In other words, the Social Security Administration adopted, with respect to applications brought within the geographic territory of the Sixth Circuit, the holding in *Drummond*.

The Court concludes that the ALJ did not run afoul of *Drummond*. The decision stands for the proposition that a subsequent ALJ is bound by a previous RFC determination absent new evidence to the contrary. ALJ Gartner found that Plaintiff retained the ability to perform a limited range of light work. The evidence in this matter, as detailed above, is more than sufficient to justify any deviation from the previous RFC. Accordingly, this argument is rejected.

### 4. Remand is Appropriate.

Plaintiff asks for an award of benefits. (PageID.693.) While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also Brooks*, 531 F. App'x at 644. Evaluation of Plaintiff's claim requires the resolution of certain factual disputes that this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

**CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **REVERSED** and the matter is **REMANDED** for further factual findings under sentence four of 42 U.S.C. § 405(g). A Judgment consistent with this Opinion will enter.


Dated:  October 17, 2016                            /s/ Janet T. Neff            
                                                    JANET T. NEFF
                                                    United States District Judge