UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN JEANINE WEEKS,

    Plaintiff,

v.                                  Case No. 1:16-cv-121

COMMISSIONER OF SOCIAL        Hon. Janet T. Neff
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits. The Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Judgment (ECF No. 15). This matter is before the court on the plaintiff's motion for allowance of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $4,462.50 (ECF No. 16).

    **I.**    **Discussion**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). "Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not

'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).

Plaintiff has met two of the elements to be eligible for an EAJA award, i.e., plaintiff is the prevailing party and no special circumstances exist in this case to make an award unjust. *Marshall*, 444 F.3d at 840. However, defendant opposes the application on the ground that the government's position *was* substantially justified.

In evaluating a claim for EAJA fees, "[t]he government's 'position' comprehends both the United States' underlying action and its litigation position." *Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). "The Government bears the burden of proving that a given position was substantially justified, and it discharges that burden by demonstrating that the position had a 'reasonable basis both in law and fact.'" *DeLong v. Commissioner of Social Security Administration*, 748 F.3d 723, 725-26 (6th Cir. 2014) (internal citations omitted). "[T]he government's position under [the EAJA] is 'substantially justified' if it is 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person[.]" *United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 507 (6th Cir. 1998). "[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.*

The Court remanded the present case for two reasons. First, the ALJ failed to give good reasons for the weight assigned to a treating physician, Dr. Simmons. *See* Opinion (ECF No. 14, PageID.728-730). This ground, in and of itself, is not sufficient to support a claim for attorney fees under the EAJA. The failure of an ALJ to fully articulate the reasons for rejecting medical

2

evidence, though an error requiring reversal under sentence four of 42 U.S.C. § 405(g), does not demonstrate that the government's position was not substantially justified:

> [W]e hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.

*DeLong*, 748 F.3d at 727. *See, e.g., Ratliff v. Commissioner of Social Security*, 465 Fed. Appx. 459, 460 (6th Cir. 2012) ("the relevant inquiry concerning the government's position was whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits, even though the ALJ had not articulated sufficient reasons for rejecting the opinion of [the claimant's] treating physician").

Second, the Court found that the ALJ erred by discounting Dr. Simmons' opinion because he was not a specialist:

> The ALJ also noted the fact that Dr. Simmons was not an orthopedic specialist. (PageID.50.) The ALJ was apparently referring to 20 C.F.R. § 416.927(c)(5), which provides that "[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." Here, the deference given to a specialist's opinion in § 416.927(c)(5) did not come into play because the ALJ did not rely on specialist's opinion which differed from Dr. Simmons. The record demonstrates that Plaintiff sought extensive treatment from Dr. Simmons for her back pain and, as a medical doctor, Dr. Simmons was qualified to opine on any limitations resulting from such. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should reevaluate Dr. Simmons' opinion.

Opinion at PageID.730. While this is a close case, I conclude that the government's position was not substantially justified because it did not have a reasonable basis in law due to the ALJ's misapplication of 20 C.F.R. § 416.927(c)(5).[1]

The next step is to determine the amount of fees to be awarded under the EAJA, which provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "Although the EAJA was enacted in October 1981, it was amended in March 1996 to increase the hourly fee rate from $75.00 to $125.00. 28 U.S.C. § 2412(d)(1)(D)(2)(A)." *Metropolitan Van and Storage, Inc. v. United States*, 101 Fed. Cl. 173, 191 (Fed. Cl. 2011). Thus, the statutory rate for EAJA fees has remained the same for two decades since the last increase. It has become commonplace for prevailing plaintiffs in Social Security Appeals to request EAJA fees and then request attorney fees in excess of $125.00 per hour. In recent years, this Court has found a reasonable attorney fee for experienced Social Security practitioners in EAJA cases to be $175.00. *See, e.g., Malewitz v. Commissioner of Social Security*, No. 1:12-cv-1285, 2014

---

[1] In this regard, the Court found the errors with respect to Dr. Simmons so significant that it did not address plaintiff's other claims related to the doctor's opinions:

> Plaintiff proceeds to raise several related claims: that the ALJ did not address the factors set forth in 20 CFR 416.927(c)(2), that the ALJ should have found Plaintiff disabled under the "grids," and an alternate argument that the ALJ's conclusion Plaintiff can walk for six hours in a workday is unsupported by substantial evidence. (PageID.693–694.) The Court declines to reach these arguments as the matter is already being remanded for failure to provide good reasons in discounting Dr. Simmons' opinion.

Opinion at PageID.730-731.

WL 3354017 (W.D. Mich. July 9, 2014); *Nichols v. Commissioner of Social Security*, No. 1:09-cv-1091, 2012 WL 1189764 (Report and Recommendation) (W.D. Mich. March 19, 2012), adopted in 2012 WL 1190175 (Order) (April 9, 2012); *Mueller v. Commissioner of Social Security*, 1:09–cv–695, 2011 WL 2648703 (W.D. Mich. July 6, 2011); *Karadsheh v. Commissioner of Social Security*, 1:08–cv–988, 2010 WL 4259644 (Report and Recommendation) (W.D. Mich. Sept.17, 2010), adopted in 2010 WL 4259616 (Order) (Oct. 20, 2010).

The Court based this $175.00 hourly rate on the increased cost of living as well as the prevailing market rate for hiring an attorney in Kent County, Michigan. Kent County, a well populated county in the center of the southern division of this district, is home to the state's second largest city and a venue of this Court, and is well situated for determining a proper market rate. *Cf. B & G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 663 (6th Cir. 2008) (appropriate rate for attorney fees under the lodestar method "is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation") (McKeague, J.) (internal quotation marks omitted). The mean hourly billing rate for attorneys in Kent County is $298.00, an amount which is 138% higher than the statutory rate set forth in the EAJA. *See Economics of Law Practice in Michigan*, Michigan Bar Journal, Vol. 93, No. 9 at p. 26 (2014 Survey) (Sept. 2014). A significant majority of attorneys in Kent County (i.e., 75%) bill at an hourly rate exceeding $208.00, an amount which is 66% higher than the EAJA statutory rate. *Id.* Statewide, the mean hourly billing rate for public benefits attorneys in Michigan is $231.00, an amount which is 85% higher than the EAJA statutory rate. *Id.* at p. 25. A significant majority of public benefits attorneys statewide (i.e., 75%) bill at an hourly rate exceeding $180.00, an amount which is 44% higher than the EAJA statutory rate. *Id.* The reality

is that most attorneys in Kent County, and most public benefits attorneys statewide, bill at hourly rates far in excess of the EAJA hourly rate of $125.00.  Restricting attorney fees to the statutory rate - which has not changed in two decades - will limit the availability of qualified attorneys for Social Security Appeals in this area.  Given these considerations, the Court concludes that the previously allowed rate of $175.00 is a reasonable attorney fee for EAJA awards to successful plaintiffs in Social Security Appeals.  Accordingly, the Court is justified in allowing fees up to that amount.

Plaintiff seeks fees for 25.50 attorney hours spent on this case at an hourly rate of $175.00 ($4,462.50).  This case was fairly typical, involving a normal-sized record, straightforward issues and no oral arguments or supplemental briefing.  In the Court's experience, counsel seeking EAJA fees related to Social Security Appeals spend in the range of 15 to 30 hours working on these appeals.  *See, e.g.*, *Mueller*, 2011 WL 2650651 (23.5 hours); *Cooper v. Commissioner of Social Security*, 1:09-cv-40, 2011 WL 3269446 (W.D. Mich. April 11, 2011) (32.75 hours); *Karadsheh*, 2010 WL 4259644  (14.7 hours); *Huls v. Commissioner of Social Security*, 1:07-cv-748, 2008 WL 1932429 (W.D. Mich. May 1, 2008) (22.0 hours).  In this case, counsel's time spent on this matter fell well within that range.  Accordingly, plaintiff should be awarded an attorney's fee in the amount of $4,462.50.

## II.     RECOMMENDATION

I respectfully recommend that the plaintiff's motion for allowance of attorney fees under the EAJA (ECF No. 16) be **GRANTED** and that defendant pay plaintiff attorney fees in the amount of **$4,462.50**.

Dated:  May 1, 2017               /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).