UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN JEANINE WEEKS,

 Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

 Defendant.
_____/

Case No. 1:16-cv-121

HON. JANET T. NEFF

**OPINION AND ORDER**

 Now pending is Plaintiff's Motion for Attorney Fees (ECF No. 16), requesting attorney fees in the amount of $4,462.50, as detailed in the motion. Defendant filed a response in opposition (ECF No. 18). The motion was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant Plaintiff's motion (R&R, ECF No. 19). The matter is before the Court on Defendant's objections to the Report and Recommendation (ECF No. 20), to which Plaintiff filed a response (ECF No. 21). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Defendant's objections.

 The ALJ found the opinion of Dr. Curtis Simmons was entitled to "little weight," and Plaintiff claimed on appeal, for various reasons, that the ALJ erred in doing so. The Court determined that the ALJ (1) failed to provide good reasons for according less than controlling weight to Dr. Simmons' opinion and (2) erred in noting that Dr. Simmons was not an orthopedic

specialist (Op. & Order, ECF No. 14 at PageID.730).  On the latter, the Court determined that "the deference given to a specialist's opinion in § 416.927(c)(5) did not come into play because the ALJ did not rely on specialist's opinion which differed from Dr. Simmons" (*id.*).  The Court remanded the matter for further administrative action (*id.* at PageID.735).

Plaintiff moves for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), which provides a mechanism for a party to recover fees and other expenses, including reasonable attorney fees, when the party prevails in a lawsuit against the United States government.  The statute provides that the court shall award these fees and other expenses if:  (1) the party is a "prevailing party"; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the party timely files a petition supported by an itemized statement.  *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007).

Defendant opposed the motion on the second ground, arguing that the government's position was substantially justified (ECF No. 18 at PageID.771).  Acknowledging that this is a close case, the Magistrate Judge rejected Defendant's argument, concluding that the government's position was not substantially justified "because it did not have a reasonable basis in law due to the ALJ's misapplication of 20 C.F.R. § 416.927(c)(5)" (R&R, ECF No. 19 at PageID.780).

Defendant poses four objections to the Report and Recommendation.  First, Defendant argues that EAJA fees are not warranted because the Court remanded for insufficient articulation, not due to lack of substantial evidence (ECF No. 20 at PageID.785).  However, as Plaintiff points out in response (ECF No. 21 at PageID.794), the ALJ's misapplication of 20 C.F.R. § 416.927(c)(5) is not an articulation error, but a misapplication of law.

Next, Defendant argues in her second and third objections that while Plaintiff asserted a wide variety of errors regarding the evaluation of Dr. Simmons' opinion, Plaintiff did not make any argument regarding the ALJ's consideration of Dr. Simmons' non-specialist status; therefore, the Commissioner never had an opportunity to justify her position on this issue (ECF No. 20 at PageID.787-788).  However, in her response, Plaintiff points out that she did raise the issue that the ALJ erroneously relied on Dr. Simmons' non-specialist status when he did not give Dr. Simmons' opinions controlling weight (Resp., ECF No. 21 at PageID.795-796).  The Court agrees with Plaintiff that Defendant was not precluded from addressing that argument and that, under the totality of the circumstances, Defendant did not meet her burden of substantial justification.

Last, Defendant argues that EAJA fees are not warranted because the Court remanded on two issues out of many others, "showing that the Commissioner's position was substantially justified" (ECF No. 20 at PageID.788-790).  However, the Court is not persuaded that Defendant meets her burden of substantial justification by identifying other claims on which she was successful.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 20) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees (ECF No. 16) is GRANTED; specifically, Plaintiff is awarded $4,462.50 in attorney fees.

Dated:  July 28, 2017                                   /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge